IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| EMETERIO G. ROA III,<br><br>           Plaintiff,<br><br>v.<br><br>STATE FARM BANK, F.S.B.,<br><br>           Defendant. | Civil Action No. 1:21-cv-00881-AJT-MSN |

## BRIEF IN SUPPORT OF MOTION TO DISMISS

Defendant State Farm Bank, F.S.B. ("State Farm Bank" or "Defendant"), by counsel, for its memorandum in support of State Farm Bank's Motion to Dismiss this action pursuant to Fed. R. Civ. P. 12(b)(6), states as follows:

### I. The Complaint

Plaintiff Emeterio G. Roa III ("Roa" or "Plaintiff") initiated this civil action on July 29, 2021, with the filing of a Complaint. [ECF No. 1.] Federal jurisdiction is predicated on alleged "violations of the Fair Credit Billing Act (FSB) at 15 U.S.C. § 1666 *et seq.*; as well as the Credit Card Accountability Responsibility and Disclosure (CARD) Act, Pub. L. No. 111-24, 123 Stat. 1734 (2009)." [ECF No. 1, Compaint at ¶ 4.]

Plaintiff alleges that "[h]e has a Visa credit card" account that "Defendant issued … 15 years ago." [*Id.*, Complaint at ¶¶ 2-3.] As alleged, Plaintiff "called State Farm Bank" after receiving a credit card account "statement on May 7, 2019 stating that he did not make a minimum payment for April[.]" [*Id.* at ¶ 6.] Plaintiff alleges that he "was told that he owed $167.92 as the $89.00 payment he last made was only received on April 23 – 1 day after the billing cycle for the month closed – so a late fee penalty of $38.00 was imposed." [*Id.* at ¶ 7.]

Plaintiff further alleges "he was also told that he would just be given back the $38.00 late penalty as a credit, and with this $89.00 payment that was received on April 23, his resulting minimum payment due would actually then be $40.92 – which he then paid on May 17, 2019." [*Id.* at ¶ 8.]

On June 10, 2019, Plaintiff allegedly called State Farm Bank "and talked to a customer representative named Tim, who said that the $38.00 late fee penalty credit was actually applied to the balance, and not to the minimum payment due." [*Id.*, Complaint at ¶ 9.] According to Plaintiff, "[t[hat meant the last payment was actually $38.00 short" and "[t]hus, another late fee penalty of $38.00 was again charged – which according to a collection letter from defendant dated May 27, 2019, was already past due." [*Id.*] Plaintiff alleges that "[i]n response, on June 13, 2019, plaintiff wrote defendant a letter … narrating all of the above, a copy of which is attached [to the Complaint] as *Exhibit 1*." [*Id.* at ¶ 10.] Plaintiff alleges that "Defendant received this letter on June 17, 2019[.]" [*Id.* at ¶ 11.] Plaintiff subsequently "closed the credit card account on March 16, 2021[.]" [*Id.* at ¶ 12.] Plaintiff filed the instant Complaint on July 29, 2021, "[m]ore than two years … since defendant's receipt of the above described letter [dated June 13, 2019 …" [*Id.*]

The Plaintiff's Complaint is alleged in three counts. Count One alleges that State Farm Bank "is in violation of the Fair Credit Billing Act (FCBA) at 15 U.S.C. § 1666 *et seq.*, for the failure to properly reflect payments or credits to plaintiff's account as described." [*Id.*, Complaint at ¶ 14.] Count Two alleges that "Defendant likewise violates [sic] the aforementioned FCBA because after receiving notice of a dispute, they did not acknowledge the dispute within thirty days as required by law; nor did they investigate the claim; and neither did defendant make appropriate corrections to the account or send a letter within ninety days to plaintiff explaining why they believed there was no error." [*Id.* at ¶ 16.] Count Three alleges that "Defendant also violated the Credit Card Accountability Responsibility and Disclosure (CARD) Act, Pub. L. No.

111-24, 123 Stat. 1734 (2009), when it imposed initial late fee penalties over the maximum amount allowed by statute and applicable regulations – in fact doing it twice within 1 month[.]" [*Id.* at ¶ 18.]

In the Complaint's "Prayers for Relief", Plaintiff demands that the Court "find State Farm Bank, F.S.B. to be in violation of both the Fair Credit Billing Act (FCBA) and the Credit Card Accountability Responsibility and Disclosure (CARD) Act of 2009"; "determine that these [sic] unlawful conduct is bad faith at least, if not fraudulent at worst"; "… award plaintiff damages in an amount equal to at least 1 per centum of defendant's net worth or more as provided by law"; and "grant plaintiff damages and costs of this suit with interests[.]" [*Id.*, Complaint at p. 4.]

## II. Argument

### A. Standard of Review

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a party to assert the defense of "failure to state a claim upon which relief can be granted" by motion. Fed. R. Civ. P. 12(b)(6). The applicable standard of review is well settled.[1]

The United States Supreme Court has instructed that "[u]nder Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it

---

[1] Although Plaintiff is proceeding *pro se*, he is a licensed attorney. [*see* Compl., Ex. 1.] Thus, "plaintiff is not entitled to the lenient standard afforded typical *pro se* litigants." *Polidi v. Bannon*, 226 F. Supp. 3d 615, 617 (E.D. Va. 2016); *see also Jaffe v. Capitol One Bank*, No. 09 Civ. 4106(PGG), 2010 WL 691639, at *2 (S.D.N.Y. Mar. 1, 2010) ("A lawyer proceeding *pro se* is not entitled to the special consideration that courts customarily grant to *pro se* parties."); *Harbulak v. Suffolk Cty.*, 654 F.2d 194, 198 (2d Cir. 1981) ("Harbulak is a lawyer and, therefore, he cannot claim the special consideration which the courts customarily grant to pro se parties"); *Smith v. Plati*, 258 F.3d 1167, 1174 (10th Cir. 2001) ("While we are generally obliged to construe pro se pleadings liberally, we decline to do so here because Smith is a licensed attorney." (citations omitted)); *Olivares v. Martin*, 555 F.2d 1192, 1194 n. 1 (5th Cir. 1977) ("Mr. Olivares proceeds pro se in his appeal. We cannot accord him the advantage of the liberal construction of his complaint normally given pro se litigants because he is a licensed attorney.").

demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id.* at 678 (citing *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (citing *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citing *Twombly*, 550 U.S. at 557).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (citing *Twombly*, 550 U.S. at 557).

Where (as here) a "time bar is apparent on the face of the complaint", the Court may grant a 12(b)(6) motion to dismiss on statute of limitations grounds. *Semenova v. Maryland Transit Admin.*, 845 F.3d 564, 567 (4th Cir. 2017); *see also Jones v. Bock*, 549 U.S. 199, 215 (2007) ("A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show … that relief is barred by the applicable statute of limitations[.]").

### B.  All Claims Are Time-Barred By TILA's One-Year Statute Of Limitations

#### (i)  FCBA Claims – Counts One and Two

The FCBA, 15 U.S.C. § 1666 *et seq.*, "was enacted to protect consumers against unfair and inaccurate credit billing practices by mandating billing dispute procedures for creditors to follow." *Murr v. Cap. One Bank (USA), N.A.*, 28 F. Supp. 3d 575, 592 (E.D. Va. 2014). "To

4

succeed on an FCBA claim, a plaintiff must show '(l) the existence of a billing error, (2) timely notification of the billing error, and (3) failure of the bank issuing the card to comply with the procedural requirements of § 1666.'" *Id.* at 593 (citing *Beaumont v. Citibank (South Dakota) N.A.*, 2002 WL 483431, at *3 (S.D.N.Y. March 28, 2002)). A billing error consists of any of the following:

> (1) A reflection on a statement of an extension of credit which was not made to the obligor or, if made, was not in the amount reflected on such statement.
>
> (2) A reflection on a statement of an extension of credit for which the obligor requests additional clarification including documentary evidence thereof.
>
> (3) A reflection on a statement of goods or services not accepted by the obligor of his designee or not delivered to the obligor or his designee in accordance with the agreement made at the time of a transaction.
>
> (4) The creditor's failure to reflect properly on a statement a payment made by the obligor or a credit issued to the obligor.
>
> (5) A computation error or similar error of an accounting nature of the creditor on a statement.
>
> (6) Failure to transmit the statement required under section 1637(b) of this title to the last address of the obligor which has been disclosed to the creditor, unless that address was furnished less than twenty days before the end of the billing cycle for which the statement is required.
>
> (7) Any other error described in regulations of the Board.

*Id.* (citing 15 U.S.C. § 1666(b)). "If a cardholder sends a written notice of any such error within sixty days of receiving a bill, the FCBA requires a creditor to acknowledge the dispute within thirty days, investigate the matter, and provide a written explanation of its decision within ninety days." *Id.* (citing 15 U.S.C. § 1666(a)).

"The FCBA is part of the same statutory scheme as TILA." *McLean v. Big Dog Grp., LLC*, No. CV 15-40-JWD-EWD, 2016 WL 3211514, at *9 (M.D. La. Mar. 11, 2016). "TILA is found in 15 U.S.C. § 1601-1667f, and the FCBA is found in sections 1666-1666j." *Id.* "The FCBA is enforced by TILA and sets forth procedures through which a debtor and creditor can

resolve disputes arising from billing errors in the statement of account." *Id.* (citing *Garner v. MBNA America Bank, N.A.*, 3:05-CV-1029, 2006 WL 2354939, at *4 (N.D. Tex. Aug, 14, 2006); and *Esquibel v. Chase Manhattan Bank USA, N.A.*, 487 F.Supp.2d 818, 825 (S.D. Tex. 2007) ("The FCBA, which is enforced by the TILA and implemented by Regulation Z, provides an avenue by which a debtor may challenge perceived billing errors on any credit card account statement")).

"Because the FCBA is part of TILA, Plaintiffs' FCBA claims must have been filed within one year of the alleged violations under section 1640(e) of TILA." *McLean v. Big Dog Grp.*, LLC, No. CV 15-40-JWD-EWD, 2016 WL 3211514, at *9 (M.D. La. Mar. 11, 2016) (citing *Esquibel, supra*; *Rivera v. Countrywide Financial Corp.*, 1:04-CV-103, 2006 WL 2431391, at *2 (S.D. Miss. Aug. 1, 2006) (finding that the Fair Credit Billing Act is subject to the one year statute of limitations found in 15 U.S.C. § 1640(e)); 1 THE LAW OF DEBTORS AND CREDITORS § 4:11 (2015) ("The statute of limitations for an action is generally the TILA's one year from the date of violation, which may be dependent on the consumer's timely mailing of the required notice"); O'Connor Tomlinson, Proof of Violation of Fair Credit Billing Act Based on Billing Error, 151 AM. JUR. PROOF OF FACTS 3d. 275 § 16 (2015) ("An action brought pursuant to the Fair Credit Billing Act, as part of the Truth in Lending Act, is subject to a one year statute of limitations")).

TILA provides in relevant part that "any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation [.]" 15 U.S.C. § 1640(e). "[A] violation under the FCBA occurs when the creditor receives a debtor's written dispute concerning a billing error and fails to send its finding or corrections to the consumer 'by the earlier of ninety days or 2 billing cycles.'" *McLean v. Big Dog Grp.*, LLC, No. CV 15-40-JWD-EWD, 2016 WL 3211514, at *10

(M.D. La. Mar. 11, 2016) (citing *Garner v. MBNA America Bank, N.A.*, 3:05-CV-1029, 2006 WL 2354939, at *4 (N.D. Tex. Aug, 14, 2006)); *see also Jaffe v. Cap. One Bank*, No. 09 CIV. 4106 (PGG), 2010 WL 691639, at *9 (S.D.N.Y. Mar. 1, 2010) ("15 U.S.C. § 1640(e) requires that any action for a violation of the Truth in Lending Act be brought 'within one year from the date of the occurrence of the violation.' *See Van Pier v. Long Island Sav. Bank, F.S.B.*, 20 F.Supp.2d 535, 536 (S.D.N.Y. 1998). This action was filed on April 27, 2009. The only specific incident alleged in the Complaint occurred in February 2007 … Jaffe may not assert a Fair Credit Billing Act claim based on this incident because the statute of limitations has expired." (citations omitted)); *Hill v. Chase Bank USA, N.A.*, No. 2:07-CV-82 RM, 2010 WL 107192, at *7 (N.D. Ind. Jan. 6, 2010) ("An FCBA violation occurs, and the statute of limitations begins to run, when the creditor fails to satisfy its compliance duties within the requisite time frame." (citations omitted)).

Here, the alleged FCBA violations are predicated on events that allegedly occurred in May and June 2019, including Plaintiff's June 13, 2019 written notice to State Farm Bank. [*see* ECF No. 1, Complaint at ¶¶ 6-11, 14, 16; Compl. Ex. 1.]  Assuming *arguendo* that Counts One and Two of the Complaint allege actionable FCBA claims, based on the allegations of the Complaint any violation(s) of the FCBA would have occurred (at the latest) by September 2019. *See* 15 U.S.C. § 1666(a); *McLean*, *supra*, 2016 WL 3211514, at *10; *Hill*, *supra*, 2010 WL 107192, at *7.  Thus, the FCBA claims alleged in Counts One and Two of the Complaint are time-barred because this action was not filed until July 29, 2021, well beyond the expiration of the applicable one-year statute of limitations prescribed by 15 U.S.C. § 1640(e).

### ii. Credit CARD Act Claim (Count Three)

Plaintiff's Credit CARD Act Claim (Count Three) likewise is time-barred.

"The Credit CARD Act amended the Truth in Lending Act 'to establish fair and

transparent practices relating to the extension of credit under an open end consumer credit plan.'" *Bello v. Cap. One Bank (USA) N.A.*, No. 20-01218 (RBK/KMW), 2020 WL 728804, at *3 (D.N.J. Feb. 13, 2020) (citing Credit Card Accountability Responsibility and Disclosure Act of 2009, Pub. L. No. 111-24, 123 Stat. 1734 (2009)).

Similar to Plaintiff's FCBA claims, "Plaintiff's claims under the Credit CARD Act are subject to the Truth in Lending Act's one-year statute of limitations." *Bello v. Cap. One Bank (USA) N.A.*, 2020 WL 728804, at *4 fn. 3 (citing 15 U.S.C. § 1640(e)); *see also Llames v. JP Morgan Chase & Co.*, No. 11 CV 5899, 2012 WL 1032910, at *6 (N.D. Ill. Mar. 23, 2012) ("Truth in Lending Act ('TILA') claims under the CARD Act have a one-year statute of limitations.").

One court has noted that "when a TILA claim arises out of the imposition of a finance charge in [an open end consumer credit plan], courts have typically held that the statute of limitations runs from the date on which the finance charge is first imposed, rather than on the date the disclosures are made." *Follman v. World Fin. Network Nat. Bank*, 971 F. Supp. 2d 298, 301 (E.D.N.Y. 2013). "TILA mandates that actions be filed within one year 'from the date of the occurrence of the violation.'" *Id.* at 302 (citing 15 U.S.C. § 1640(e)).

Count Three of Plaintiff's Complaint alleges that State Farm Bank "violated the Credit Card Accountability Responsibility and Disclosure (CARD) Act, Pub. L. No. 111-24, 123 Stat. 1734 (2009), when it imposed initial late fee penalties over the maximum amount allowed by statute and applicable regulations – in fact doing it twice within 1 month[.]" [ECF No. 1, Complaint at ¶ 18.] Assuming *arguendo* that the Complaint alleges an actionable Credit CARD Act claim, the alleged violation(s) of the Credit CARD Act would have occurred in or about May / June 2019 – more than two years before this action was filed on July 29, 2021.

8

### III. Conclusion

In sum, the applicability of TILA's one-year time bar (15 U.S.C. § 1640(e)) is apparent on the face of the Plaintiff's Complaint. As alleged, this action was untimely filed after the expiration of the one-year statute of limitations prescribed by 15 U.S.C. § 1640(e). Because all claims alleged in the Complaint are time-barred, Defendant State Farm Bank, F.S.B. prays that this Honorable Court grant its Motion to Dismiss, and dismiss this action with prejudice.

Respectfully submitted,

STATE FARM BANK, F.S.B.

Date: September 2, 2021    By:    /s/ *Alexander S. de Witt*
Alexander S. de Witt, Esq. (VSB # 42708)
FREEBORN & PETERS LLP
901 East Byrd Street, Suite 950
Richmond, VA  23219
Phone: (804) 644-1300
Direct: (804) 799-7790
Fax: (804) 644-1354
E-mail: adewitt@freeborn.com

### CERTIFICATE OF SERVICE

I hereby certify that on this **2nd** day of September, 2021, I electronically filed the foregoing BRIEF IN SUPPORT OF MOTION TO DISMISS with the Clerk of this Court using the CM/ECF system, which will send notification of such filing to all filing users; and delivered a true copy of the foregoing BRIEF IN SUPPORT OF MOTION TO DISMISS, by e-mail and by first-class United States mail, to Plaintiff Emeterio G. Roa III, 201 South Irving Street, Arlington, VA 22204, e-mail: e.roa@att.net.

   /s/ *Alexander S. de Witt*
Alexander S. de Witt, Esq. (VSB # 42708)
FREEBORN & PETERS LLP
901 East Byrd Street, Suite 950
Richmond, VA  23219
Phone: (804) 644-1300
Direct: (804) 799-7790
Fax: (804) 644-1354
E-mail: adewitt@freeborn.com